IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAUL S. RAMIREZ, | : | Civil No. 1:22-CV-00638 |
| Petitioner, | : | |
| v. | : | |
| WARDEN J. SAGE, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

On May 2, 2022, Petitioner Raul S. Ramirez ("Petitioner" or "Ramirez"), a prisoner confined at the Federal Correctional Institution Schuylkill in Minersville, Pennsylvania ("FCI Schuylkill"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241 and a memorandum and declaration in support thereof.  (Docs. 1, 2, 3.)  Ramirez seeks an order directing the Bureau of Prisons ("BOP") to recalculate and apply his earned time credits ("ETC") under the First Step Act ("FSA"), which he asserts will provide for his immediate release.  For the reasons discussed below, the court will deny the petition.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is serving a 120-month term of incarceration imposed by the United States District Court for the Southern District of Florida.  (Doc. 1-1).  Petitioner's current projected release date is March 8, 2024.  (Doc. 1-1).

1

On March 7, 2022, the BOP assessed Petitioner as having a minimum risk of recidivism with the following criminogenic needs: work; trauma; substance abuse; family/parenting; anger/hostility; antisocial peers; and education. (*Id.*) Petitioner has completed various educational courses and programs while incarcerated. (*Id.*, p. 3.)[1] He has accrued 645 hours of these educational courses. (Doc. 1-2, p. 3.) He also works as a chapel orderly. (Doc. 1-1, p. 3.) Respondent presented evidence that Petitioner has an active detainer with Immigration and Customs Enforcement. (Doc. 1-4, p. 4.)

In his § 2241 petition, Petitioner asserts that he is owed at least 600 days of ETC under the FSA, and that with application of such ETC to his sentence, he would be entitled to release on July 8, 2022. (Doc. 2, p. 1.) Petitioner admits that he has not exhausted his administrative remedies and argues that exhaustion is not required because it would be futile, stating that he "would be subjected to an irreparable harm, to wit he would be subjected to serving time in prison, who should already be release, and once the time is served, the harm is irreparable." (*Id.*, p 2.). He further asserts that he "is already suffering this harm had staff properly credited Ramirez in a timely fashion, he then would have been considered for placement in RRC or home detention." (*Id.*) Petitioner, therefore, seeks an order directing Respondent to apply his ETC to his sentence. (Doc 1, p. 7.)

---

[1] For ease of reference, the court utilizes the page numbers from CM/ECF header.

## DISCUSSION

Respondent asserts that Petitioner's § 2241 petition should be denied because: (1) Petitioner failed to exhaust his administrative remedies; and (2) Petitioner is not eligible for ETC under FSA because he is subject to a removal order. (Doc. 8.) For the reasons discussed below, the agrees with Respondent and finds that Petitioner's § 2241 petition must be denied for his failure to exhaust administrative remedies and because he is subject to a removal order.

### A. Exhaustion of Administrative Remedies

While § 2241 does not contain an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a § 2241 petition. *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *See id*. at 761–62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Thus, "a federal prisoner who . . . fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial

review of his habeas claim absent a showing of cause and prejudice." *See id*. at 762. Exhaustion is not required, however, if there is no opportunity to obtain adequate redress, if the issue presented only pertains to statutory construction, or if the prisoner makes an affirmative showing of futility. *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3rd Cir. 1986); *Bradshaw*, 682 F.2d at 1052.

The BOP has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement." *See* 28 C.F.R. § 542.10(a). First, an inmate should attempt informal resolution of the issue with the appropriate staff member. *See id*. § 542.13(b). If informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the Warden within twenty (20) calendar days "following the date on which the basis for the Request occurred." *See id*. § 542.14(a). The Warden is to respond to the request within twenty (20) calendar days. *See id*. § 542.18. An inmate dissatisfied with the Warden's response may appeal, using the BP-10 form, "to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." *See id*. § 542.15(a). Finally, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response." *See id*.

Petitioner concedes that he did not exhaust his administrative remedies prior to filing his § 2241 petition. (Docs. 1, 2.) The record before the Court indicates that Petitioner has filed forty-seven (47) grievances during his time in BOP custody. (Doc. 8-1, p. 4.) None of these concern ETC under the FSA.

Petitioner argues that exhaustion should be excused because it is futile since he would be required to ask the same question three times as part of the appeals process, and it would subject him to irreparable harm because the delay would result in him being incarcerated beyond the date he should be released. (Docs. 1, 2.) However, even if Petitioner thought pursuit of his administrative remedies would be futile, "[c]ourts in the Middle District of Pennsylvania have consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals.'" *See Ross v. Martinez*, No. 4:09-cv-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009) (quoting *Malvestuto v. Martinez*, No. 1:09-cv-1339, 2009 WL 2876883, at *3 (M.D. Pa. Sept. 1, 2009)); *see also Suarez-Sanchez v. Lane*, No. 4:18-cv-1431, 2019 WL 1645231, at *3–4 (M.D. Pa. Mar. 5, 2019) (concluding that the petitioner's § 2241 petition was subject to dismissal for failure to exhaust because the petitioner "never fully and properly appealed [his] grievance because he apparently deemed the grievance process to be a waste of

5

time"), report and recommendation adopted, 2019 WL 1620339 (M.D. Pa. Apr. 16, 2019).

In support of his argument, Petitioner cites to *Lyons v. Marshals*, 840 F.2d 202 (3rd Cir. 1988) and *Goodman v. Ortiz*, No. 20-7582 (RMB), 2020 WL 5015613 (D.N.J. Aug. 25, 2020). (Doc. 2, p. 2). In *Lyons*, the Third Circuit found that there was a genuine issue of fact as to whether or not petitioner was relieved of the administrative exhaustion requirement because the conditions of his pretrial confinement combined with a limited redress available in the administrative process and his reasonable belief that he would be unable to secure timely access to that process could be viewed as rendering the lengthy administrative proceedings futile. 840 F.2d at 207. In *Goodman*, the court concluded that the inmate-petitioner was exempt from the administrative exhaustion requirement because the matter "present[ed] a narrow dispute of statutory construction" and because "habeas relief should be granted." 2020 WL 5015613 at *3.

The instant case, however, does not involve a pretrial detainee or a dispute of statutory construction, but whether or not Petitioner qualifies for any ETC since he has an active immigration detainer. Therefore, the exhaustion requirement cannot be excused. *See Kurti v. White*, No. 1:19-cv-2109, 2020 WL 2063871, at *3 (M.D. Pa. Apr. 29, 2020) (noting that the petitioner "has clearly failed to exhaust administrative remedies with respect to the time credit he requests"); *see also*

6

*Rominger v. Spaulding*, No. 1:21-cv-943, 2021 WL 2894760, at *3 (M.D. Pa. July 9, 2021); *Rehfuss v. Spaulding*, No. 1:21-cv-677, 2021 WL 2660869, at *3 (M.D. Pa. June 29, 2021); *Ware v. Quay*, 1:21-cv-646, 2021 WL 2550253, at *2 (M.D. Pa. June 22, 2021); *Bradley v. Spaulding*, No. 3:20-cv-2294, 2021 WL 1964598, at *2 (M.D. Pa. May 17, 2021); *Cohen v. United States*, No. 20-cv-10833 (JGK), 2021 WL 1549917, at *4 (S.D.N.Y. Apr. 20, 2021); *Maggio v. Joyner*, No. 7:21-21-DCR, 2021 WL 1804915, at *1–2 (E.D. Ky. Mar. 25, 2021). Thus, Petitioner's § 2241 petition must be dismissed for failure to exhaust his administrative remedies. Nevertheless, the court will address the merits of his petition below.

### B. Merits of the § 2241 Motion

Under the FSA, the Attorney General was charged with the development and release of a Risk and Needs Assessment System within 210 days of December 21, 2018, the date on which the FSA was enacted. *See* 18 U.S.C. § 3632. This System is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction ("EBRR") programming appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (5) reassigning an inmate to appropriate EBRRs and productive activities ("PA"); (6) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (7) determining when the inmate is ready to

transfer to pre-release custody or supervised release. *See id*. § 3632(a). Moreover, this system provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's specific criminogenic needs." *See Kurti*, 2020 WL 2063871, at *4 (citing 18 U.S.C. § 3632(b)).

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive earned time credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten (10) days of credit for every thirty (30) days of successful participation. *See id*. Moreover, eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn five (5) days of time credit for every thirty (30) days of successful participation. *See id*. However, an inmate is ineligible to apply ECTs if the inmate is "the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E).

Here, Respondent presented evidence that Petitioner is subject to a deportation order: "[Department of Homeland Security ("DHS")] requests voluntary transfer of the subject because in the judgment of a designated senior DHS official, his/her removal would serve an important federal interest." (Doc. 8-1, p. 36). Petitioner did not challenge this finding. Because of this deportation

order, the court will not grant Petitioner the relief he seeks pursuant to 18 U.S.C. § 3632(d)(4)(E).

## CONCLUSION

For the foregoing reasons, the court will deny Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) An appropriate order will follow.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Court Judge  
Middle District of Pennsylvania

Dated: June 28, 2022