IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAUL S. RAMIREZ, | : | Civil No. 1:22-CV-00638 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN J. SAGE, | : | |
| | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

**AMENDED MEMORANDUM**

On June 28, 2022, this court entered an order and an accompanying memorandum denying Petitioner's writ of habeas corpus for failure to exhaust administrative remedies and for lack of merit.  (Docs. 9, 10.)  That same day, Petitioner's traverse was received via mail and filed with the court.  (Doc. 11.) The court has now considered Petitioner's traverse.[1]  Pursuant to Fed. R. Civ. P. 60(a), the court hereby enters this amended memorandum.

On May 2, 2022, Petitioner Raul S. Ramirez ("Petitioner" or "Ramirez"), a prisoner confined at the Federal Correctional Institution Schuylkill in Minersville, Pennsylvania ("FCI Schuylkill"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241 and a memorandum and declaration in support thereof.  (Docs. 1, 2, 3.)  Ramirez seeks an order directing the Bureau of Prisons

---

[1] The court notes that Petitioner's traverse is untimely.  However, Respondents are not prejudiced by the consideration of this late filing as the court affirms its previous denial on the ground that Petitioner failed to exhaust his administrative remedies.

("BOP") to recalculate and apply his earned time credits ("ETC") under the First

Step Act ("FSA"), which he asserts will provide for his immediate release.  For the

reasons discussed below, the court will deny the petition.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner is serving a 120-month term of incarceration imposed by the

United States District Court for the Southern District of Florida.  (Doc. 1-1).

Petitioner's current projected release date is March 8, 2024.  (Doc. 1-1).

On March 7, 2022, the BOP assessed Petitioner as having a minimum risk of

recidivism with the following criminogenic needs: work; trauma; substance abuse;

family/parenting; anger/hostility; antisocial peers; and education.  (*Id*.)  Petitioner

has completed various educational courses and programs while incarcerated. (*Id*.,

p. 3.)[2]  He has accrued 645 hours of these educational courses.  (Doc. 1-2, p. 3.)

He also works as a chapel orderly.  (Doc. 1-1, p. 3.)

Respondent presented evidence that Petitioner has an active detainer with

Immigration and Customs Enforcement.  (Doc. 1-4, p. 4.)  Petitioner asserts that he

is a refugee from Cuba and is not subject to a removal order.  (Doc. 11, p.3.)  He

presented a Request for Voluntary Transfer form indicating that there is no final

order of removal against him.  (Doc. 11-1 p. 4.)

---

[2] For ease of reference, the court utilizes the page numbers from CM/ECF header.

In his § 2241 petition, Petitioner asserts that he is owed at least 600 days of ETC under the FSA, and that with application of such ETC to his sentence, he would be entitled to release on July 8, 2022. (Doc. 2, p. 1.) Petitioner admits that he has not exhausted his administrative remedies and argues that exhaustion is not required because it would be futile, stating that he "would be subjected to an irreparable harm, to wit he would be subjected to serving time in prison, who should already be release, and once the time is served, the harm is irreparable." (*Id.*, p 2.). He further asserts that he "is already suffering this harm had staff properly credited Ramirez in a timely fashion, he then would have been considered for placement in RRC or home detention." (*Id.*) Petitioner, therefore, seeks an order directing Respondent to apply ETC to his sentence. (Doc 1, p. 7.)

## DISCUSSION

Respondent asserts that Petitioner's § 2241 petition should be denied because: (1) Petitioner failed to exhaust administrative remedies; and (2) Petitioner is not eligible for ETC under FSA because he is subject to a removal order. (Doc. 8.) For the reasons discussed below, the court agrees with Respondent that Petitioner's § 2241 petition must be denied for failure to exhaust administrative remedies. The court makes no determination on the merits of the petition.

While § 2241 does not contain an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust administrative remedies before filing a § 2241 petition. *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *See id*. at 761–62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Thus, "a federal prisoner who . . . fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice." *See id*. at 762. Exhaustion is not required, however, if there is no opportunity to obtain adequate redress, if the issue presented only pertains to statutory construction, or if the prisoner makes an affirmative showing of futility. *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3rd Cir. 1986); *Bradshaw*, 682 F.2d at 1052.

The BOP has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of his/her own

confinement." *See* 28 C.F.R. § 542.10(a).  First, an inmate should attempt

informal resolution of the issue with the appropriate staff member.  *See id*. §

542.13(b).  If informal resolution is unsuccessful, the inmate may submit a formal

written grievance, using the BP-9 form, to the Warden within twenty (20) calendar

days "following the date on which the basis for the Request occurred."  *See id*. §

542.14(a).  The Warden is to respond to the request within twenty (20) calendar

days.  *See id*. § 542.18.  An inmate dissatisfied with the Warden's response may

appeal, using the BP-10 form, "to the appropriate Regional Director within 20

calendar days of the date the Warden signed the response."  *See id*. § 542.15(a).

Finally, an inmate may appeal the Regional Director's response, using the BP-11

form, to the BOP's General Counsel "within 30 calendar days of the date the

Regional Director signed the response."  *See id*.

Petitioner concedes that he did not exhaust the available administrative

remedies prior to filing his § 2241 petition. (Docs. 1, 2.)  The record before the

court indicates that Petitioner has filed forty-seven (47) grievances during his time

in BOP custody. (Doc. 8-1, p. 4.)  None of these concern ETC under the FSA.

Petitioner argues that exhaustion should be excused because it is futile since

he would be required to ask the same question three times as part of the appeals

process, and it would subject him to irreparable harm because the delay would

result in him being incarcerated beyond the date he should be released.  (Docs. 1,

2.) However, even if Petitioner thought pursuit of his administrative remedies would be futile, "[c]ourts in the Middle District of Pennsylvania have consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals.'" *See Ross v. Martinez*, No. 4:09-cv-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009) (quoting *Malvestuto v. Martinez*, No. 1:09-cv-1339, 2009 WL 2876883, at *3 (M.D. Pa. Sept. 1, 2009)); *see also Suarez-Sanchez v. Lane*, No. 4:18-cv-1431, 2019 WL 1645231, at *3–4 (M.D. Pa. Mar. 5, 2019) (concluding that the petitioner's § 2241 petition was subject to dismissal for failure to exhaust because the petitioner "never fully and properly appealed [his] grievance because he apparently deemed the grievance process to be a waste of time"), report and recommendation adopted, 2019 WL 1620339 (M.D. Pa. Apr. 16, 2019).

In support of his argument, Petitioner cites to *Lyons v. Marshals*, 840 F.2d 202 (3rd Cir. 1988) and *Goodman v. Ortiz*, No. 20-7582 (RMB), 2020 WL 5015613 (D.N.J. Aug. 25, 2020). (Doc. 2, p. 2). In *Lyons*, the Third Circuit found that there was a genuine issue of fact as to whether or not petitioner was relieved of the administrative exhaustion requirement because the conditions of his pretrial confinement combined with a limited redress available in the administrative process and his reasonable belief that he would be unable to secure timely access to that

6

process could be viewed as rendering the lengthy administrative proceedings futile.

840 F.2d at 207.  In *Goodman*, the court concluded that the inmate-petitioner was

exempt from the administrative exhaustion requirement because the matter

"present[ed] a narrow dispute of statutory construction" and because "habeas relief

should be granted."  2020 WL 5015613 at *3.

The instant case, however, does not involve a pretrial detainee or a dispute of

statutory construction, but whether or not Petitioner qualifies for any ETC based on

his immigration status.  Therefore, the exhaustion requirement cannot be excused.

*See Kurti v. White*, No. 1:19-cv-2109, 2020 WL 2063871, at *3 (M.D. Pa. Apr. 29,

2020)  (noting that the petitioner "has clearly failed to exhaust administrative

remedies with respect to the time credit he requests"); *see also Rominger v.

Spaulding*, No. 1:21-cv-943, 2021 WL 2894760, at *3 (M.D. Pa. July 9, 2021);

*Rehfuss v. Spaulding*, No. 1:21-cv-677, 2021 WL 2660869, at *3 (M.D. Pa. June 29,

2021); *Ware v. Quay*, 1:21-cv-646, 2021 WL 2550253, at *2 (M.D. Pa. June 22,

2021); *Bradley v. Spaulding*, No. 3:20-cv-2294, 2021 WL 1964598, at *2 (M.D. Pa.

May 17, 2021); *Cohen v. United States*, No. 20-cv-10833 (JGK), 2021 WL 1549917,

at *4 (S.D.N.Y. Apr. 20, 2021); *Maggio v. Joyner*, No. 7:21-21-DCR, 2021 WL

1804915, at *1–2 (E.D. Ky. Mar. 25, 2021).  Thus, Petitioner's § 2241 petition must

be dismissed for failure to exhaust his administrative remedies.

Because Petitioner failed to exhaust his administrative remedies, the court will not address the merits of his petition at this time.

### CONCLUSION

For the foregoing reasons, the court will enter an amended order denying Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 referencing this amended memorandum.  (Doc. 1.)

> s/Jennifer P. Wilson
> JENNIFER P. WILSON
> United States District Court Judge
> Middle District of Pennsylvania

Dated: July 5, 2022